IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES VAN HOUTEN,

      Plaintiff,

                                  CIVIL ACTION
  vs.                            No. 10-3228-SAC

MICHAEL BECKER, et al.,

      Defendants.


**MEMORANDUM AND ORDER**

    This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

    Plaintiff claims he has been denied adequate medical care, subjected to mistreatment, and subjected to deliberate indifference. The complaint provides no specific facts but refers to a grievance, though no grievance is included with the pleading. Plaintiff states he is pursuing the administrative grievance procedure available to state inmates. (Doc. 1, p. 5.)

    Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a), a prisoner may not pursue an action under federal law concerning prison conditions "until such administrative remedies

as are available are exhausted." This exhaustion requirement "is mandatory, and the district court [i]s not authorized to dispense with it." *Hines v. Sherron*, 372 Fed. Appx. 853, 856 (10th Cir. 2010)(citing *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167, n. 5(10th Cir. 2003)(per curiam), *cert. denied*, 540 U.S. 1118 (2004)).

Generally, the failure to exhaust is an affirmative defense, and, thus, a plaintiff is not required to plead exhaustion in a complaint. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007)(citing *Jones v. Bock*, 549 U.S. 199 (2007). However, where it is clear from the face of a complaint that a prisoner has not exhausted available remedies, the court may dismiss the complaint. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(citing *Jones,* 549 U.S. at 215).

Here, because plaintiff acknowledges he has not completed the exhaustion process, the court concludes this matter must be dismissed without prejudice to allow him to do so.[1]

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice to allow plaintiff to complete the

---

[1] The court notes that plaintiff has been made aware of the need to exhaust administrative remedies before commencing an action, as at least three of his previous filings were dismissed for failure to exhaust. *See* 04-3135, *Van Houten v. Ermy*, 06-3102, *Van Houten v. Hixon*, and 08-3012, *Van Houten v. Roberts*.

administrative grievance procedure.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of November, 2010.

```
                         S/ Sam A. Crow
                         SAM A. CROW
                         United States Senior District Judge
```